IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANN MOORE, MICHELLE SOTO FIELDER and MELISSA THAXTON, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS SIMILARLY SITUATED,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br>          Defendants. | Case No. 2:16-cv-4966 |

## CLASS ACTION COMPLAINT

1.       Samsung designs, manufactures, markets, advertises, sells, warrants and services Washing Machines that pose unreasonable risks of property damage and serious personal injury during normal use.  In particular, the Washing Machines are prone to catastrophic failure:  they explode during normal use.

2.       The Court should enjoin Samsung from any further sales of the subject Washing Machines, require it to immediately notify consumers of the danger posed by the Washing Machines, order Samsung to stop destroying evidence related to these explosions, and take other remedial and restitutionary actions as requested herein.

3.       Plaintiffs also seek money damages.  A Washing Machine that can explode has literally no value because it cannot be used safely.  In the alternative, the Washing Machines have significantly less value than promised at the point of sale (i.e., a washing machine that can explode is less valuable than one that cannot).

4.      All allegations are based upon personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## THE PARTIES

I.    **Plaintiffs**

1.    **Michelle Soto Fielder**

5.      Plaintiff Michelle Soto Fielder is a resident of McAllen, Texas.

6.      Fielder purchased a Samsung Washing Machine (Model Number: WA5471ABP/XAA; Serial Number:  Y0IK54BB901654X) in June of 2012 from Lowes in McAllen, Texas.

7.      As an authorized retailer of the Samsung Washing Machines, Lowes acted as Samsung's agent in selling Fielder her Washing Machine.

8.      In addition to any manufacturer's warranty which attached to her purchase of the Washing Machine, Fielder also purchased an extended warranty.

9.      Fielder purchased the Washing Machine new, and it was in pristine condition without perceivable damage or defect.

10.      Fielder used the above-referenced Washing Machine solely for its intended purpose as a personal home appliance.

11.      Although Fielder's Washing Machine had required some maintenance work in the past, it had never come apart violently and/or exploded prior to February 9, 2016.

12.      On February 9, 2016, Fielder placed a small load of laundry in the Washing Machine and started it. Shortly thereafter, the Washing Machine violently exploded damaging Fielder's real and personal property. The amount of force, as well as the sound produced by the explosion, initially led Fielder to believe that something had crashed into her home and come through the roof.

13.     Fielder's Washing Machine exploded with such ferocity that it penetrated the interior wall of her garage, where it was located. The dent left at the Washing Machine's point of impact was so deep that it pushed through into Fielder's living room, which shares a wall with her garage. The following photographs depict Fielder's Washing Machine following the explosion.







14.     After her Washing Machine exploded, Fielder contacted Lowes as well as her warranty provider to report the explosion event.

15.     Fielder also attempted to contact Samsung subsequent to the explosion of her Washing Machine, but was never successful in speaking with a live representative of Samsung.

**2.      Suzann Moore**

16.     Plaintiff Suzann Moore is a resident of Fishers, Indiana.

17.     Moore purchased a Samsung Washing Machine (Model number WA50F9A8DSW/A2; Serial number Y78JSAUDA00995D) in January of 2014 from Sears in Fishers, Indiana.

18.     As an authorized retailer of the Samsung Washing Machines, Sears acted as Samsung's agent in selling Moore her Washing Machine.

19.     Moore purchased the Washing Machine new, and it was in pristine condition and without any perceivable damage or defect.

20.     Moore used the above referenced Washing Machine solely for its intended purpose as a personal home appliance.

21.     For almost two years, Moore's Washing Machine operated without any problems or malfunctions, and never required any repairs.

22.     On the morning of December 23, 2015, Moore placed a load of laundry in the Washing Machine and started it.  Shortly thereafter, the Washing Machine violently exploded, damaging real and personal property, including a Samsung manufactured dryer which had been located next to the Washing Machine. The following are photographs of Moore's Washing Machine after the explosion:





23.     On December 28, 2015, Moore contacted both Samsung and Sears to report what had happened to her Washing Machine.

24.     In response to Moore's reporting of the incident described above, Samsung informed her that, because her Washing Machine was beyond its one year manufacturer's warranty period, she was required to direct any and all complaints to Sears.

25.     Sears dispatched a representative to Moore's home on December 30, 2015 to investigate and inspect the Washing Machine.  Following that inspection, Moore was informed that the washer had "exploded" causing damage to the machine to such an extent that it was uneconomical to perform repairs thereon.

26.     Moore later learned that hers was not the only Washing Machine to have "exploded" in this manner.

27.     After Moore had been without a washer for a month and spent countless hours on the phone, Samsung finally agreed to reimburse her for the defective Washing Machine, notwithstanding that it malfunctioned outside of its one year warranty.

28.     However, Samsung did not reimburse Moore for the property damage she incurred as a result of her Washing Machine's catastrophic failure.

29.     In order to receive her refund, Moore was required to allow the Washing Machine to be removed from her possession.

30.     Upon information and belief, Samsung or its agent(s) removed the Washing Machine from Moore's home.

31.     Samsung and/or its agent(s) took possession of the Washing Machine with knowledge that it had exploded while being operated consistent with its intended purpose.

32.     Notwithstanding the knowledge that the Washing Machine had exploded while operated for its intended purpose, and that it was, therefore, defective, Samsung and/or its agent(s) destroyed what remained of Moore's Washing Machine without performing any investigation or inspection into what caused it to explode.

### 3.     **Melissa Thaxton**

33.     Plaintiff Melissa Thaxton is a resident of Dallas, Georgia.

34. Thaxton purchased a Samsung Washing Machine (Model number WA400P JHDWR/AA 02; Serial number Y69Q5AEF100111A) on May 7, 2015 from Home Depot in Acworth, Georgia.

35. As an authorized retailer of the Samsung Washing Machines, Home Depot acted as Samsung's agent in selling Thaxton her Washing Machine.

36. The Washing Machine Thaxton purchased was a "floor model," but had never been operated, was new, in pristine condition and without any perceivable damage or defect.

37. Thaxton used the above referenced Washing Machine solely for its intended purpose as a personal home appliance.

38. For eleven months, Thaxton's Washing Machine operated without any problems or malfunctions, and never required any repairs.

39. On the morning of April 8, 2016, Thaxton placed a load of laundry in the Washing Machine and started it. While the Washing Machine was on its final spin cycle, it violently exploded damaging Thaxton's real and personal property, including her Samsung dryer, vinyl flooring, drywall, a shelving bracket and her dog crate. The following photographs depict Thaxton's Washing Machine, and the resulting damage, following its explosion:







40.     At the time the Washing Machine exploded, Thaxton was standing next to it,

removing items from her clothes dryer. Thaxton describes the sound and force of the Washing

Machine's explosion as if "a bomb went off." Thaxton's four year old son was in very close

proximity to the Washing Machine when it exploded and in the moments immediately following

the explosion.

41.     After the explosion, which blew the top of the machine off and caused the entire

Washing Machine to make a quarter turn, Thaxton witnessed the Washing Machine's drum

continue to spin, violently impacting the sides of the Washing Machine until it came to a stop.

42.     After her Washing Machine exploded, Thaxton immediately contacted Samsung to report the explosion event and was told that a customer service representative would return her call later in the day.

43.     Approximately six hours after her Washing Machine exploded, Thaxton received a telephone call from Andrew Lugo, a Samsung CSD-Risk Manager. During their telephone conversation, Mr. Lugo admitted to Thaxton that Samsung had received multiple prior complaints of its Washing Machines exploding in identical fashion as Thaxton experienced.

44.     On April 8, 2016 Thaxton also received an email communication from Mr. Lugo, Samsung CSD – Risk Manager, acknowledging their verbal communication, the explosion event, requesting photographs of the Washing Machine and Thaxton's receipt documenting her purchase.

**B.      Defendants**

**1.      Samsung Electronics Co., Ltd.**

45.     Defendant Samsung Electronics Co., Ltd. is a South Korean multinational corporation located in Seoul, South Korea. Based upon investigation, information, and belief, Samsung Electronics Co., Ltd. designs, manufactures, and distributes for sale in this jurisdiction the Washing Machines as described herein. According to its 2014 Annual Report, Samsung Electronics Co., Ltd. has two "Regional Headquarters" in the United States: one in Ridgefield Park, New Jersey, and another in San Jose, California.  Samsung Electronics Co., Ltd. also regularly monitors its wholly-owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to its regional headquarters in the United States.

46.     At all times relevant hereto, Samsung Electronics Co., Ltd. was in the business of distributing, marketing, promoting, and selling the Washing Machines described herein throughout the United States and in this jurisdiction.  Samsung Electronics Co., Ltd. purposely

directs its conduct toward this District and engages in a continuous course of business in this District, both by intentionally locating its wholly owned subsidiary in this District and by selling thousands of washing machines and other consumer goods in this District every year.

47.     Samsung Electronics Co., Ltd. has intentionally and purposely availed itself of the laws of New Jersey by incorporating a New Jersey choice of law provision and Bergen County, New Jersey, forum selection clause into its online terms of service.

### 2.     Samsung Electronics America, Inc.

48.     Defendant Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., incorporated in New York, with its headquarters in Ridgefield Park, New Jersey.  Samsung Electronics America, Inc. is the warrantor of the products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in the manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process.

49.     At all times relevant hereto, Samsung Electronics America, Inc. was in the business of distributing, marketing, promoting, and selling the Washing Machines described herein throughout the United States and in this jurisdiction.  Samsung Electronics America, Inc. resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District every year.

50.     Samsung markets itself to the public as "a recognized innovation leader in consumer electronics design and technology," providing a broad range of home appliance products.

51.     Samsung is in the business of manufacturing, producing, distributing, and selling Washing Machines to customers throughout the United States, both directly and through its network of authorized dealers.

## JURISDICTION AND VENUE

52.     The United States District Court for the District of New Jersey has jurisdiction over this class action pursuant to 28 U.S.C.A. § 1332(d)(2) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000, and at least one member of the class is a citizen of a state different from Samsung Electronics America, Inc., and Samsung Electronics Co. Ltd., a citizen of a foreign state.

53.     The United States District Court for the District of New Jersey has jurisdiction over Defendants because they reside and/or transact business in New Jersey, have purposely availed themselves of the laws of New Jersey, and because many of the specific events giving rise to this action occurred in New Jersey.

54.     Venue is appropriate in the United States District Court for the District of New Jersey because Samsung Electronics Co., Ltd.'s principal place of business is in Ridgefield Park, New Jersey, meaning it resides in this District. 28 U.S.C. §1391(b) and (c).

## BACKGROUND

**A.      The Washing Machines**

55.     The Washing Machines at issue in this action all have high-speed motors that spin the washer tub at speeds of approximately 1100 revolutions per minute—over 18 revolutions per second—and certain defective assembly dampers.

56.     The models of Samsung top-loading Washing Machine include, but are not necessarily limited to, the following: WA50F9A8DSW/A2, WA5471ABP/XAA, WA400PJHDWR/AA 02, WA45H7000AW/A2, WA50F9A6DSW/A2, WA50F9A7DSW/A2,

WA50F9A8DSP/A2, WA52J8700AP/A2, WA56H9000AP/A2, and on information and belief, all WA400 and WA500 series Washing Machines.

57.     The Washing Machines at issue here range in price from approximately $549.00 to $1,499.00 and come with an express, one-year manufacturer's warranty.

**B.     The Defects**

58.     As explained above, this case involves Washing Machines that actually explode. When the Washing Machines explode, they do so with such force that they are irreparably damaged.  Indeed, the force of the explosion is capable of seriously injuring people and damaging property, rendering the Washing Machines unsafe for ordinary use.

59.     The Washing Machines, with tubs spinning at a rate of 18 times per second, are prone to explode during the spin cycle when loads, particularly those involving large items such as bedding, cause the tub to vibrate dramatically, causing assembly dampers that hold the washer tub in place to become unfastened, resulting in a dramatic centrifugal explosion that destroys the machine and nearby property.

60.     The assembly dampers, which consist of a metal rod and spring, are defective insofar as they are insufficient to keep the tub in place and become unfastened during the spin cycle.

61.     The motor part is defective in that it is too powerful for the Washing Machines, and the materials selected for other parts within the machines—including but not limited to the assembly dampers—are not strong enough to withstand the extreme forces generated by the washing motor part.

62.     The unbalanced load warning mechanism is defective insofar as it fails to detect the unbalanced load and stop the spin cycle before the explosion occurs.

63.     Samsung's customers purchase the Washing Machines, which contain the Defects at the point of sale, and are unaware of the Defects, nor could they reasonably discover the Defects, as they are unable to inspect the interior contents of the Washing Machines at the point of sale to determine if the materials of the machines, design of the machines, or manufacturing process related to the machines are non-defective.  The symptoms of the Defects thus manifest only after the point of sale, and sometimes outside of the warranty period unilaterally imposed by Samsung.

C.     **The Warranties**

1.     **Express Warranties**

64.     In selling the Washing Machines to Plaintiffs and other Class Members, Samsung provided a uniform, express one-year factory warranty against manufacturing defects and materials and workmanship.  The warranty further protects against defects in the wash tubs for three years, and defects in the Washing Machines' motors for 10 years.

65.     The warranty for the Washing Machines is offered on a take-it-or-leave-it basis, and consumers are not afforded an opportunity to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power.

66.     Although the warranties protect the Washing Machines for many years related to the allegedly defective parts at issue (including the washing motor part), based upon information and belief, Samsung routinely denies warranty claims based upon the Defects alleged herein.

2.     **Implied Warranties**

67.     In addition to the express warranty described above, Samsung marketed, advertised, and warranted that the Washing Machines were of merchantable quality and fit for their intended purpose.  It further marketed, advertised, and warranted that the Washing Machines were free from defects and did not pose an unreasonable risk to persons or property.

### 3.   Limitations on Express and Implied Warranties

68.     The limitations in the warranties offered by Samsung on the Washing Machines, including the limitations on implied warranties and the terms of the warranty, are thus unconscionable and unenforceable.  Plaintiffs will prove that the warranties' limitations are unconscionable by way of proof obtained during the discovery period in this case.

69.     Federal law mandates that any manufacturer or seller making a product available to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty.  Accordingly, such implied warranties apply to Washing Machines sold to Plaintiffs and all Class Members.

### D.   Samsung's Knowledge of the Defects

70.     Samsung knew that the Washing Machines it marketed and sold were prone to explosion, that exploding Washing Machines exposed both person and property to an unreasonable risk of harm, and, therefore, that the Washing Machines were inherently defective, unmerchantable and unfit for their intended use.  Since as early as 2011, Samsung received high numbers of consumer complaints related to models within its WA400 and WA500-series washing machines for problems with their spin cycles, high vibrations, breaking springs, and even explosions related to the Washing Machines' spin cycles.

71.     Samsung has known that the exploding Washing Machines in fact cause actual physical injury to consumers since no later than approximately October 24, 2013, when a woman in California was physically injured by a Samsung Washing Machine explosion, leading Samsung to inspect her Washing Machine on November 22, 2013.

72.     Since October 30, 2015, Samsung has been on notice of class action litigation alleging that its Washing Machines were defective and unreasonably dangerous due to the risk of explosion.

73.     In spite of all this knowledge, Samsung has continued selling the defective and unreasonably dangerous Washing Machines without (a) warning consumers of the real possibility of explosion and injury to people and property; (b) recalling the defective Washing Machines; (c) offering to repair the defective Washing Machines free of charge; and/or (d) refunding consumers any or all of the purchase price they paid for their Washing Machines.

E.     **Samsung's Misrepresentations and Concealment**

1.     **Affirmative Misrepresentations**

74.     Notwithstanding Samsung's knowledge of the Defects and the injuries they have caused, Samsung chose to continue manufacturing and selling thousands of dangerous and defective Washing Machines to consumers, while neither warning consumers of the serious safety risks its products posed, nor changing the design of its unsafe product, using appropriate materials, or changing shortcomings in its manufacturing process.  Instead of acknowledging the safety issue the Washing Machines' spin cycles posed, Samsung touted the Washing Machines' Digital Inverter Motor, which allowed the Washing Machines' drums to spin at high speeds with "the power to handle anything!" and specifically represented that the Washing Machines' were designed to clean bulky garments and bedding.

75.     With regard to the defective Washing Machines, Samsung has represented to its customers that:

a.     "This Samsung washer performs smoothly at top spin speeds, minimizing noise and vibration";

        b.       its Washing Machines have "[t]he power to handle anything!" because the "beltless direct-drive motor generates a higher spin speed of 1,100 rpm for more effective, quiet operation";

        c.       "The washer also has fewer moving parts, meaning fewer repairs";

        d.       "Even bulky garments and blankets get super clean"; and

        e.       "The tempered glass lid is durable…."

76.     Samsung represented that the Washing Machines included an "unbalanced load" warning that would stop the tub from spinning in the event of excessive tub vibrations that can lead to rocking, movement, or other dangerous situations.

77.     In purchasing and using the machines, Plaintiffs relied on all of these representations.

### 2.   <u>Concealment</u>

78.     Samsung had a duty to disclose the above described Defects to Plaintiffs and proposed Class Members, but failed to do so.

79.     Samsung sold the Washing Machines to Plaintiffs and the proposed Class Members and made the warranties and express representations described above with knowledge that the Washing Machines were defective.  Specifically, Samsung knew that that the Washing Machines—whose tubs spin at a rate of 18 times per second—were prone to explode during the spin cycle when loads, particularly those containing bulky items, would cause the tub to vibrate dramatically, causing assembly dampers that hold the washer tub in place to become unfastened, resulting in a dramatic centrifugal explosion that destroys the machine and nearby property.

80.     These Defects were not disclosed to Plaintiffs, or other Class Members at the point of sale when they purchased their respective Washing Machines, nor has Samsung

disclosed them to Class Members since the time of purchase.  Instead, Samsung has taken steps to prevent Class Members from learning of the Defects.

81.     Upon information and belief, Samsung monitors the internet and social media web sites such as Facebook for news about Washing Machine explosions.  When consumers post publicly about their experiences with an exploding Washing Machine, Samsung affirmatively contacts them and attempts to resolve their claim.

82.     Since at least January 2016, and upon information and belief before that date, Samsung, while never publicly acknowledging the existence of the Defects, has moved aggressively to collect and destroy all evidence of the defective machines after they have actually exploded in Class Members' homes.  Samsung has compensated Class Members in exchange for litigation releases that it extracted from them without informing them of the pendency of this action and other class action litigation in which they were putative plaintiffs.

83.     Samsung destroyed one exploded Washing Machine—which is evidence in this and other class action litigation—on or around the 2nd week of January, 2016, while it was actively defending itself in class action litigation alleging that its washing machines were prone to explode due to an undisclosed design defect.

**F.      Injuries and Risk of Imminent Harm to Plaintiffs**

84.     Plaintiffs and the other Class Members purchased their Washing Machines solely for their personal, residential purposes and only used the Washing Machines as intended and in accordance with the operating instructions provided by Samsung.

85.     In light of the Defects, Plaintiffs and other Class Members paid far more than the reasonable value of the Washing Machines, and would not have paid such had the Defects described above been disclosed by Samsung.

86.     Samsung has profited, and continues to profit from the sale of defective Washing Machines by failing to disclose the above described Defects and continuing to sell the Washing Machines at prices well above their reasonable value.

87.     As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the Defects inherent in these Washing Machines, Plaintiffs and the proposed Class have purchased the Washing Machines and have suffered injury as a result.

88.     As a direct and proximate result of Samsung's concealment of the Defects, its failure to warn its customers of the Defects and the safety risks posed by the Washing Machines, and its failure to remove the defective Washing Machines from consumers' homes or otherwise remedy the Defects, Plaintiffs and class members purchased Samsung's defective and unsafe Washing Machines and in many cases use them in their homes to this day.  Had Plaintiffs and class members known of this serious safety risk, they would not have purchased the Washing Machines, would have paid substantially less for their Washing Machines than they paid, and/or would have removed them from their homes before they exploded.

89.     Samsung continues to market and sell the Washing Machines in question without disclosing the inherent Defects described above despite receiving numerous consumer complaints.  Below are some examples of complaints made by purchasers of the Washing Machines on SaferProducts.gov, a website sponsored by the Consumer Product Safety Commission:

a.     I am a safety health and environmental professional who has responded to a variety of industrial accidents/investigations.  Recently I received an industrial level accident with my very new top load Washing Machine.  It's a Samsung and the largest one on the market.

It destroyed itself so violently that all technicians, safety professionals, engineers, and layman are completely impressed with the level of carnage.  Apparently it was doing a partial load and spinning at high speeds when it broke free, throwing itself against walls and throwing parts and water everywhere.  Had someone been nearby they could have been severely injured.  (Report date:  July 16, 2015; Model No.:  WA56H9000AP/A2; Photograph Below)



   b.      We have a one year old Samsung top loading washing with a 5.0 cubic foot capacity.  We began a load of laundry before going to bed.  As the Washing Machine entered the spin cycle, the entire machine exploded and burst into pieces.  The entire top of the unit separated and flew into our hallway, and the unit continued to spin violently around the laundry room, ripping holes in our walls, dryer, cabinets, flooring, etc….  If we had been in the room or even in our hallway at the time of the explosion, it is very likely that we would have been seriously injured or killed.  (Report date:  August 27, 2015.)

   c.      On Monday, October 5th[, 2015] at approximately 8:15 p.m., I heard a violent sounding commotion coming from our laundry room.  I yelled for my husband and ran to the room to find my brand new, two month old Samsung Active Wash Washing Machine lying on its side, the lid completely blown off, the sides of the machine expanded outward, the internal drums now thrown behind the machine on the floor, the machine itself thrown across the room, and shards of metal and plastic lying everywhere, in addition to my floor being covered in

water… the garage door across from the washer is metal and has multiple dents in it from the force of the metal and plastic shards exploding outward. (Report date:  October 11, 2015; Model No.:  WA52J8700AP/A2; Photograph Below)



d.        …We heard a loud crash and the entire house shook violently.  We rushed into the laundry room to find:

the washer had jumped out from the wall several feet.

the washer had spun 120 degree [sic] to the right the force of it exploding had caused it to unplug itself.

the top of the washer had become completely dislodged from the base.

the base metal sides were bent and distorted.

the tub inside the machine had been dislodged, and is shattered.

metal rods holding the tub in place had either broken or bent.

electrical wires were hanging out from the back of the unity [sic], most of them severed.

metal and plastic parts were strewn about the room.

Outside of the machine damage, the washer left a deep gouge in our dryer, scratched the tile flooring, and also slammed into our laundry sink, dislodging it from the wall, making a hole in the drywall…  (Report date November 16, 2015; Model No.:  WA50F9A7DSW/A2; Photographs Below)





       e.     … The entire top of the unit separated and flew across the room exploding that [sic] glass across the laundry room and into our hallway, and the explosion put holes in the wall, damaged shelves, etc.  If my wife or son were in the room when this happened, I have no doubt that they would be in the hospital or possibly even killed.  (Report date:  November 18, 2015; Model No.:  WA50F9A6DSW/A2; Photographs Below)





  f.  We had a Samsung top load washing machine explode on 5/31/2015… [I]t

was in the middle of a cycle and we heard a loud bang. We came downstairs in our unfinished

basement to find water everywhere and the washer looked as if it had actually exploded. It was

on its side with the top off and the sides all dented and some small parts laying around. The hoses and cords were still connected lucky [*sic*], otherwise we might have had water damage and luckily we were home. (Report Date:  November 23, 2015; Model No.:  WA50F9A8DSP/A2; Photographs Below)

 

90.     The complaints made to SaferProduct.gov, as detailed in the preceding paragraph, are consistent with complaints and descriptions of the explosion events referenced at various locations on the internet. Below are some examples of such complaints:

a.     I heard a loud commotion and it kind of sounded like one of the shelves were falling down…[The washer] was across the room on its side and there was water out on the floor… This part was on the floor, completely detached from it all, [and] pieces…were sprung out on top of it on the side… It crumbled like paper… There are dents in my garage doors…you can see where the pieces flew off and hit here and there are holes in the wall. Where it hit the dryer, it cracked a hole in that. My daughter feeds [our dogs] twice a day in here so that was kind of my big, [sic] any one of use could've been in here and it could've taken us out. (Sarah of North Carolina, October 29, 2015; story *available at* http://abc11.com/news/consumers-claim-some-samsung-washing-machines-explode/1056429/.)

b.      Boom!... A giant explosion, I had no idea what happened. The back [of the washer] was facing you, it was tilted on the corner being held up by the water lines… The whole top had already got [*sic*] thrown off form [*sic*] there and it was dangling from the back of it and the glass, [*sic*] I guess when it twisted, the glass shot off and it exploded out of the way. I have a 7-month-old-son, if he were crawling down there when it happened, he would've been cut up. (Jim of North Carolina, November 20, 2015; story *available at* http://abc7ny.com/home/more-consumers-claim-samsung-washing-machines-explode/1093075/.)

c.      …And we just heard this boom. It sounded like a cannon went off, louder than a gun shot[*sic*]… I would have never in my life expected a washing machine to explode… I have the child safety locks on all of my doors, and I'm diligent about checking car seats, kids toys, everything. This is not something I would have thought about looking into… [T]he hoses were the only thing holding [the washing machine] together and the water hoses were spraying everywhere… [The washer] was totally sideways in the washing room. (Becky from Florida, January 11, 2016; story *available at* http://www.news4jax.com/consumer/news4jax-investigates-exploding-washing-machine.)

## CLASS ALLEGATIONS

91.     Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs Suzann Moore, Michelle Soto Fielder and Melissa Thaxton bring this action on behalf of themselves and all other persons similarly situated.  In particular, they seek to represent a class of:

All residents of the United States and its territories who purchased a new Washing Machine or otherwise acquired a Washing Machine, primarily for household use and not for resale.

In the alternative, Plaintiffs propose multiple classes of:

All residents of [a given state or states] who purchased a new Washing Machine or otherwise acquired a Washing Machine, primarily for household use and not for resale.

Excluded from both of the above definition are: Samsung, its officers, directors, and employees, and entity in which Samsung has a controlling interest or which has a controlling interest in Samsung, and that entity's officers, directors, and employees; the judge assigned to this case and his or her immediate family; all expert witnesses in this cause; and, all persons who make a timely election to be excluded from the Class.

**A.** **Plaintiffs meet the prerequisites of Rule 23(a)**

92.    Numerosity. Upon information and belief, the proposed Class includes many thousands of individuals, and, thus, is so numerous that joinder of all members would be impracticable.  Several hundred thousand washing machines are sold in the United States every month, according to market research.  Samsung accounts for 15% of U.S. consumer appliance sales and is a market leader in washing machines: Samsung washing machines accounted for 17.3% of washing machine sales in the United States in the fourth quarter of 2015.  Hundreds of thousands of these particular Washing Machines are currently sitting in Class Members' homes.

93.    Commonality. The answers to questions common to the Class will drive the resolution of this litigation.  Specifically, resolution of this case will be driven by questions relating to the Washing Machines' common design, whether the design is defective, whether the defective design poses a safety risk, Samsung's knowledge of the Defects, the uniform diminution in value of the Washing Machines, and the corresponding unjust enrichment to Samsung.  The common questions of law and fact include, but are not limited to, the following:

a.    whether the Washing Machines pose unreasonable safety risks to consumers;

b.     whether Samsung knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.     whether Samsung concealed the safety risks its Washing Machines pose to consumers;

d.     whether the safety risks the Washing Machines pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a washing machine;

e.     whether the Washing Machines possess material Defects;

f.     whether Samsung knew or should have known of the inherent Defects in the Washing Machines when it placed them into the stream of commerce;

g.     whether Samsung concealed the Defects from consumers;

h.     whether the existence of the Defects are material facts reasonable purchasers would have considered in deciding whether to purchase a washing machine;

i.     whether the Washing Machines are merchantable;

j.     whether the Washing Machines are fit for their intended use;

k.     whether Samsung was unjustly enriched by the sale of defective Washing Machines to the Plaintiff class;

l.     whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Washing Machines caused Class Members' injuries; and

m.     whether Samsung should be enjoined from further sales of the Washing Machines.

94.     <u>Typicality.</u> Plaintiffs have the same interests as all members of the classes they seek to represent, and all of Plaintiffs' claims arise out of the same set of facts and conduct as all

other members of the classes.  Plaintiff and all class members own or owned a Washing Machine designed or manufactured by Samsung with uniform Defects that make the Washing Machines immediately dangerous upon first use and that cause the Washing Machines to fail within their expected useful lives.  All of the claims of Plaintiffs and Class Members arise out of Samsung's placement of a product into the marketplace it knew was defective and posed safety risks to consumers, and from Samsung's failure to disclose the known safety risks and Defects.  Also common to Plaintiffs and Class members' claims are Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and selling the defective Washing Machines, Samsung's conduct in concealing the Defects in the Washing Machines, and Plaintiffs' and Class members' purchase of the defective Washing Machines.

95.    Adequacy.  Plaintiffs will fairly and adequately represent and protect the interest of the Class Members: Plaintiffs' interests align with those of the Class Members, and Plaintiffs have no fundamental conflicts with the Class.  Plaintiffs have retained counsel competent and experienced in products liability, consumer protection, and class action litigation, who will fairly and adequately represent the Class.

**B.    Plaintiffs meet the prerequisites of Rule 23(b)(2)**

96.    Samsung has acted and refused to act on grounds that apply generally to the Class, so declaratory relief is appropriate with respect to the entire Class.  Samsung made representations and warranties to the Class as a whole, Samsung concealed facts from and made material misrepresentations to the Class as a whole, and Samsung has destroyed and may still be destroying evidence relevant to the allegations of the Class.

**C.    Plaintiffs meet the prerequisites of Rule 23(b)(3)**

97.    Predominance and Superiority.  The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the

Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable.  Samsung has acted in a uniform manner with respect to the Plaintiffs and Class Members.

98.     Samsung is a sophisticated party with substantial resources, while Class Members are not, and prosecution of this litigation is likely to be expensive.  Because the economic damages suffered by any individual Class Member may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class Members to seek redress individually for Samsung's wrongful conduct as alleged herein.

99.     The concealed safety risks described above counsel in favor of swiftly and efficiently managing this case as a class action, which preserves judicial resources and minimizes the possibility of serial or inconsistent adjudications.

100.    Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Samsung's unlawful and wrongful conduct.  Absent a class action, Class Members will continue to suffer the undisclosed risk of explosion and incur monetary damages, and Samsung's misconduct will continue without remedy.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

101.    There will be no undue difficulty in the management of this litigation as a class action.

102.    Alternatively, certification may be appropriate as to individual issues of liability as against Samsung as those issues will raise common questions applicable to all class members and materially advance the litigation.

**D.      The proposed Class is ascertainable.**

103.    The Class is defined by reference to objective criteria, and is there an administratively feasible mechanism to determine who fits within the Class.  The Class consists

of purchasers and owners of certain Washing Machines, and class membership can be determined using receipts, photographs, ownership documentation, and records in Samsung's and other databases.

## STATUTES OF LIMITATION, FRAUDULENT CONCEALMENT, AND ESTOPPEL

### A.    Discovery Rule

104.    The causes of action alleged herein accrued upon discovery of the defective nature of the Washing Machines.  Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Class did not discover and could not have discovered the Defect through reasonable and diligent investigation.  Reasonable and diligent investigation did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defects.

### B.    Fraudulent Concealment

105.    Any applicable statutes of limitation have been tolled by Samsung's knowing, active, and ongoing concealment and denial of the facts as alleged herein.  Samsung was and is under a continuous duty to disclose to Plaintiffs and the classes the true character, quality and nature of the Washing Machines, particularly that they pose serious risks to public safety, and are at risk of failure.  At all relevant times, and continuing to this day, Samsung knowingly, affirmatively and actively misrepresented and concealed the true character, quality and nature of the Washing Machines and sold the Washing Machines into the stream of commerce as if they were safe for use.  Given Samsung's failure to disclose this non-public information about the defective nature of the Washing Machines and safety risks to the public information over which Samsung had exclusive control—and because Plaintiffs and Class Members could not reasonably have known that the Washing Machines were thereby defective—Plaintiffs and Class Members reasonably relied on Samsung's knowing affirmative and ongoing concealment.  Had Plaintiffs

and class members known that the Washing Machines pose a safety risk to the public, they would not have purchased the Washing Machines.

106.    Plaintiffs and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and the Class could not reasonably have discovered the true, latently defective nature of the Washing Machines.

**C.    <u>Estoppel</u>**

107.    Samsung was and is under a continuing duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Washing Machines.  Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Washing Machines, and the concealment is ongoing.  Samsung knew of the Defects and the serious safety risk they posed to consumers and has actively concealed them.  At the very least, Samsung has known that the Washing Machines may explode and injure consumers since no later than approximately October 24, 2013, when a woman in California was actually injured by a Samsung Washing Machine explosion, leading Samsung to inspect her Washing Machine on November 22, 2013.  Plaintiffs reasonably relied upon Samsung's knowing, affirmative, and/or active and ongoing concealment.  Based on the foregoing, Samsung is estopped from relying on any statute of limitations in defense of this action.

108.    Additionally, Samsung is estopped from raising any defense of laches due to its own conduct as alleged herein.

**FIRST CAUSE OF ACTION**
**DECLARATORY AND INJUNCTIVE RELIEF**
**Asserted on Behalf of the Nationwide Class**

109.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

110.    There is an actual controversy between Samsung and Class Members concerning the existence of the Defects in the Washing Machines.

111.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

112.    Accordingly, Plaintiffs and Class Members seek a declaration that the Washing Machines have common Defects in their design and/or manufacture.

113.    Additionally, Plaintiffs and Class Members seek a declaration that these common Defects pose a serious safety risk to consumers and the public.

114.    Samsung designed, manufactured, produced, tested, inspected, marketed, distributed, and sold Washing Machines which contain material and dangerous Defects as described herein.  Based upon information and belief, Samsung continues to design, manufacture, produce, test, inspect, market, distribute, and sell Washing Machines which contain material and potentially dangerous Defects as described herein.

115.    At all times relevant, Samsung knew, or should have known, of the Defects that exists at the point of sale of the Washing Machines and render its Washing Machines unsafe, and of the substantial safety risk its Washing Machines pose to consumers and the public.

116.    Samsung has taken no or insufficient corrective action concerning the Defects described herein, and has not issued any warnings or notices concerning the Defects and the safety risks accompanying it, nor implemented a Washing Machine recall.  Thus, Plaintiffs and Class Members face the risk of real injury in that, because the Defects remain in the Washing Machine, Plaintiffs and Class Members could be injured by a Washing Machine explosion, and

could be injured by purchasing replacement Washing Machines that contain the same Defects and cause the same type of injury complained of herein.

117.    Because of Samsung's concealment of the Defects, Plaintiffs and class members paid for Washing Machines that posed a serious safety risk to consumers and the public and could not be used for its intended purpose of safely washing clothes, bedding, towels and other household items.

118.    Plaintiffs and the Class have suffered actual damage or injury or are in immediate risk of suffering actual damage or injury due to the Samsung Washing Machine Defects.

119.    Samsung should be required to take corrective action to prevent further injuries, including:

a.    issuing a nationwide recall of the Washing Machines in order to immediately remove the defective and unreasonably dangerous products from the market and prevent further injuries to life and property;

b.    issuing warnings and/or notices to consumers and the Class concerning the Defects, cautioning them not to use their Washing Machine, and/or instructing them on steps they can take that may prevent or lessen the likelihood of explosion;

c.    immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective Washing Machines described herein;

d.    immediately discontinuing the destruction of evidence relevant to this and other litigation related to the defective Samsung Washing Machines, and to make a full accounting of any evidence destroyed since Samsung was on notice of litigation related to exploding Washing Machines; and

e.       informing all potential Class Members with whom Samsung interacts

about the pendency of this litigation, and potential Class Members' rights in relation to it.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**Asserted on Behalf of the Nationwide Class**

120.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

121.    The Washing Machines owned by Plaintiffs and Class Members were defectively

designed and manufactured and pose serious and immediate safety risks to consumers and the

public.

122.    The Defects exist at the point of sale of the Washing Machines.

123.    The Defects place consumers and the public at serious risk for their own safety

when the Washing Machines are used in consumers' homes.

124.    At all times relevant hereto, Samsung was under a duty imposed by law requiring

that a manufacturer or seller's product be reasonably fit for the ordinary purposes for which the

product is used, and that the product be acceptable in trade for the product description. This

implied warranty of merchantability is part of the basis for the bargain between Samsung, on the

one hand, and Plaintiffs and Class Members, on the other.

125.    Notwithstanding the aforementioned duty, at the time of delivery, Samsung

breached the implied warranty of merchantability in that the Washing Machines were defective

and posed a serious safety risk at the time of sale, would not pass without objection, are not fit

for the ordinary purposes for which such goods are used (safely washing clothes in a residential

setting), and failed to conform to the standard performance of like products used in the trade.

126.   Samsung knew or should have known that the Washing Machines pose a safety risk and are defective and knew or should have known that selling the Washing Machines to Plaintiffs and Class Members constituted a breach of the implied warranty of merchantability.

127.   As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and Class Members bought the Washing Machines without knowledge of the Defects or their serious safety risks.

128.   As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and Class Members purchased unsafe products which could not be used for their intended purpose of safely washing clothes, bedding, towels and other household items in a residential setting.

129.   As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and Class Members have suffered damages and did not receive the benefit of their bargain.

130.   Samsung was unjustly enriched by keeping the profits for its unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

131.   Warranty disclaimers are unconscionable where, as here, class members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of the Defects.

132.   Furthermore, warranty disclaimers are unenforceable where the terms are inconspicuous and the consumer was not aware of their existence.

133.   The Uniform Commercial code provides that "negation or limitation is inoperative to the extent that such construction is unreasonable." E.g., Ind. Code § 26–1–2–

316(1).  Samsung never required consumers to acknowledge acceptance or receipt of the purported limitation on warranties. Accordingly, it is unreasonable to limit Plaintiffs and the Class Members' warranties without adequate notice of the limitation.

134.    Samsung is estopped from claiming as a defense the limitation on implied warranties as it exists in its warranty to consumers as the limitation, as described herein, is unconscionable.

135.    The defectively designed Washing Machines purchased by Plaintiffs and all other Class Members are unfit for their intended and ordinary purposes because they are prone to break and even explode when operated as instructed and intended by Samsung.

136.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and all the Class Members have suffered loss.

### THIRD CAUSE OF ACTION
**STRICT LIABILITY**
**Asserted on Behalf of the Nationwide Class**

137.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

138.    Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling home appliances, and did design, manufacture, distribute, advertise, market, promote and/or sell the Washing Machines at issue herein.

139.    Samsung's Washing Machines were expected to and did reach Plaintiffs and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

140.    The Washing Machines were in a defective and unreasonably dangerous condition when they left Samsung's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

141.    Plaintiffs and Class Members used the subject Washing Machines in a manner reasonably intended by Samsung.

142.    The Washing Machines were defective because they were not safe for ordinary and intended use; Samsung failed to provide Plaintiffs and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Washing Machines; the Washing Machines contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the Washing Machines did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the Washing Machines were manufactured; and at the time the Washing Machines left Samsung's control, the foreseeable risks associated with the Washing Machines' design exceeded the benefits associated with that design.

143.    Plaintiffs and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

144.    Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling Washing Machines known to them to be defective and unreasonably dangerous. As alleged, Samsung knew or should have known that the Defects would cause their Washing Machines to fail, cause flooding, damage the Washing Machine and other property, and threaten the personal safety of consumers. Samsung knew or was repeatedly informed of the serious Defects, yet failed to take any remedial action and instead continued to sell this defective product. Given Samsung's conscious disregard for the safety of the public, Plaintiffs and Class Members seek exemplary or punitive damages.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE
### Asserted on Behalf of the Nationwide Class

145.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

146.    Samsung owed a duty to Plaintiffs and Class Members to design, manufacture, produce, test, inspect, market, distribute, and sell the Washing Machines with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiffs and Class Members from foreseeable and unreasonable risk of harm. Samsung breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Washing Machines.

147.    Samsung unreasonably failed to provide appropriate and adequate warnings and instructions about its defective Washing Machines, and this failure was a proximate cause of the harm for which damages are sought. In addition, at the time the Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, its defective Washing Machines posed a substantial risk of harm to the life and property of its customers. Samsung knew, or in the exercise of reasonable care should have known, the Washing Machines it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an unreasonable safety risk and would fail to perform as intended.

148.    Samsung acted unreasonably in designing the Washing Machines, and this conduct was a proximate cause of the harm for which damages are sought.  Further, at the time the Washing Machines left the control of Samsung, it unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Washing Machines.  Furthermore, at the time the Washing Machines left the control of Samsung, their

design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Washing Machine of this design.

149.    Samsung knew, or in the exercise of reasonable care should have known, that the Washing Machines created unreasonable safety risks.  Samsung further knew, or in the exercise of reasonable care should have known, that the Washing Machines could cause property damage, personal injury, and/or death.

150.    Based on this knowledge, Samsung had a duty to disclose to the Plaintiffs and Class Members the serious safety risks posed by the Washing Machines and a duty to disclose the defective nature of the Washing Machines.

151.    Samsung had a further duty not to put the defective Washing Machines on the market and has a continuing duty to replace its unsafe Washing Machines, remove its unsafe Washing Machines from the market and seek a recall from consumers.

152.    Samsung failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the Washing Machines by, among other things, failing to design and manufacture the Washing Machines in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

153.    Samsung failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, Plaintiffs and Class Members of the Defects in the Washing Machines.

154.    Samsung failed to exercise reasonable care when it knew of the safety risks the Washing Machines posed and actively concealed those risks from Plaintiffs and Class Members.

155.    Samsung failed to exercise reasonable care when it knew of the safety risks the Washing Machines posed and failed to replace, repair or recall Washing Machines it knew were unsafe and defective.

156.    As a direct and proximate result of Samsung's negligence, Plaintiffs and Class Members bought the Washing Machines without knowledge of their defective nature or of their serious safety risks.

157.    As a direct and proximate result of Samsung's negligence, Plaintiffs and Class Members purchased unsafe products which could not be used for their intended use.

158.    As a direct and proximate result of Samsung's negligence, Plaintiffs and Class Members have suffered damages.

159.    Plaintiff and Class Members seek to recover the damage caused by Samsung.  In addition, given Samsung's conscious disregard for the safety of Plaintiff and Class Members, they also seek an award of exemplary damages.

**FIFTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**Asserted on Behalf of the Nationwide Class**

160.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

161.    Samsung is and was at all times relevant a merchant with respect to washing machines.

162.    As fully pled above, Samsung had knowledge of the Defects alleged herein and that they pose serious safety risks to consumers like Plaintiffs and Class Members.

163.    Despite that knowledge, at all times relevant, Samsung expressly warranted in writing that its Washing Machines were "warranted by SAMSUNG against manufacturing defects in materials and workmanship. . . ."

164.    In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one year parts and labor; two years control board parts; three years stainless steel tub part; and ten years washing motor part.

165.    The motor part as alleged herein is defective in that it is too powerful for the Washing Machines, and the materials selected for other parts within the machines—including but not limited to the assembly dampers—are not strong enough to withstand the extreme forces generated by the washing motor part.

166.    The assembly dampers as alleged herein are defective in that they fail to prevent the tub from becoming disconnected during the spin cycle, leading to explosion.

167.    The unbalanced load warning as alleged herein is defective in that it fails to stop the Washing Machine spin cycle before the Washing Machines explode.

168.    Alternatively, the limitations in Samsung's warranty are unconscionable as described herein.

169.    By selling Washing Machines containing the Defects to consumers like Plaintiffs and Class Members after it gained knowledge of the Defects, Samsung breached its express warranty to provide Washing Machines that were free from defects.

170.    Samsung also breached its express warranty to repair and correct material defects or component malfunctions in its Washing Machines when it failed to do so despite knowledge of the Defects and despite knowledge of alternative designs, alternative materials, and options for retrofits.

171.    Samsung has not made repairs correcting such material defects or component malfunctions in its Washing Machines.

172.     The limited warranty of repair for the Washing Machines fails in its essential purpose because the contractual remedy is insufficient to make Plaintiffs and Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time.

173.     Also, as alleged in more detail herein, at the time Samsung warranted and sold the Washing Machines, it knew that the Washing Machines did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding its Washing Machines.

174.     Accordingly, Plaintiffs and Class Members are not limited to the limited warranty of "repair" and Plaintiffs and Class Members seek all remedies allowed by law.

175.     As more fully detailed above, Samsung knew that Plaintiffs' Washing Machines malfunctioned but failed to provide defect-free Washing Machines to Plaintiffs or Class Members when their washing machines failed free of charge or to provide an adequate retrofit to remedy the Washing Machines.

176.     As more fully detailed above, Samsung was provided with notice and has been on notice of the Defects and of its breach of express written warranties through its own internal and external testing as well as hundreds or thousands of consumer warranty claims reporting malfunctions in the Washing Machines, and customer complaints, yet it failed to repair, replace, or retrofit the Washing Machines to ensure they were free of materials defects or component malfunctions as Samsung promised.

177.     As a direct and proximate result of Samsung's breach of its express warranty, Plaintiffs and Class Members have suffered damages.

178.    Samsung has been unjustly enriched by keeping the profits from the sale of its unsafe Washing Machines while never having to incur the cost of repair.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF MAGNUSON-MOSS ACT**
**(15 U.S.C. §§ 2301-2312)–WRITTEN WARRANTY**
**Asserted on Behalf of the Nationwide Class**

179.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

180.    Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

181.    Plaintiffs and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

182.    Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

183.    Samsung provided Plaintiffs and Class members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

184.    In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the defective Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Washing Machines is null and void.

185.    All jurisdictional prerequisites have been satisfied.

186.    By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations.

187.   As a result of Samsung's breach of express warranties, Plaintiffs and Class Members are entitled to revoke their acceptance of the Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF MAGNUSON-MOSS ACT**
**(15 U.S.C. § § 2301-2312)—IMPLIED WARRANTY**
**Asserted on Behalf of the Nationwide Class**

188.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

189.   Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

190.   Plaintiffs and Class members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

191.   Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

192.   Samsung provided Plaintiffs and Class members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

193.   In its capacity as warrantor and by the conduct described herein, any attempt by Samsung to limit the implied warranties in a manner that would exclude coverage of the defective Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Washing Machines is void.

194.   All jurisdictional prerequisites have been satisfied herein.

195.   By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and its action, and inaction, in the face of that knowledge, Samsung

has failed to comply with its obligations under their written and implied promises, warranties, and representations.

196.   As a result of Samsung's breach of implied warranties, Plaintiffs and Class members are entitled to revoke their acceptance of the Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

**EIGHTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**Asserted on Behalf of the Nationwide Class**

197.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

198.   Samsung received proceeds from its intentional sale of defective top loading Washing Machines, which were purchased by Plaintiffs and Class Members for an amount far greater than the reasonable value of the defective machines.

199.   In exchange for the purchase price paid by Plaintiffs and Class Members, Samsung provided defective Washing Machines that are likely to fail within their useful lives and pose a material risk of exploding.  There is no reasonable or acceptable rate for washing machines to explode.  These Defects render the Washing Machines unfit, and indeed, unsafe for their intended use.

200.   Plaintiffs and Class Members reasonably believed that the Washing Machines would function as advertised and warranted, and did not know, nor could have known, that the Washing Machines contained Defects at the time of purchase.

201.   Samsung knows of and appreciates the benefit conferred by Plaintiffs and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

202.    Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Washing Machines described herein would be unjust.  Therefore Samsung should be required to disgorge the unjust enrichment.

### NINTH CAUSE OF ACTION
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT,
### N.J.S.A. 56:8-1, ET SEQ.
### Asserted on Behalf of the Nationwide Class

203.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

204.    The New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 *et seq.*) ("NJCFA") states, in relevant part:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . ." N.J.S.A. 56:8-2.

205.    Plaintiffs and Class Members are consumers who purchased Washing Machines for personal, family, or household use.

206.    The advertisement, promotion, distribution, supply, or sale of the Washing Machines is a "sale or advertisement" of "merchandise" governed by the NJCFA.

207.    Prior to Plaintiffs' and Class Members' purchase of the Washing Machines, Samsung violated the NJCFA by making:

> a.    uniform representations that its Washing Machines were of a particular standard, quality, or grade when they were and are not, and that they would perform as represented when they did not, as set forth above; and

> b.    false and/or misleading statements about the capacity and characteristics of the Washing Machines, as set forth above, that were unfair, deceptive, or otherwise fraudulent, had and continue to have the capacity to, and did, deceive the public and cause injury to Plaintiffs and Class Members.

208.   Samsung, in its communications with and disclosures to Plaintiffs and Class Members, intentionally concealed or otherwise failed to disclose that the Washing Machines included design Defects that pose a safety risk to consumers and render the Washing Machines substantially certain to fail before the end of their useful lives.

209.   Plaintiffs and Class Members reasonably expected that the Washing Machines would perform their clothes, bedding, towels and other household items cleaning function and would not pose a risk of explosion, both prior to and at the time of purchase, and reasonably expected that Samsung did not design them to incorporate material Defects known to Samsung, and that the Washing Machines would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual.  These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely upon in deciding whether or not to purchase a Washing Machine.  Moreover, Samsung intended for consumers, including Plaintiffs and Class Members, to rely on these material facts.

210.   Samsung had exclusive knowledge that the Washing Machines had and have the Defects set forth above which gave rise to a duty to disclose these facts.  Samsung breached that duty by failing to disclose these material facts.

211.   The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances.  There is a strong public interest in consumer appliance safety, as well as truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life.

212.   Had Plaintiffs and Class Members known about the design Defects and accompanying safety risks, and/or that the Washing Machines did not operate as advertised, they

would not have purchased the Washing Machines or would have paid less than they did for them. As a direct and proximate result of Samsung's actions, Plaintiffs and Class Members have suffered ascertainable loss and other damages.

213.    New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Nationwide Class Members under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.

214.    New Jersey has a significant contact, or significant aggregation of contacts, to the claims asserted by each Plaintiff, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair. Samsung's headquarters and principal place of business are located in Montvale, New Jersey.  Samsung also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Samsung's conduct under New Jersey's laws.  Samsung's decision to reside in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

215.    The application of New Jersey's laws to the proposed Nationwide Class members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiffs and the proposed Nationwide Class members, and New Jersey has a greater interest in applying its laws here than any other interested State.

**TENTH CAUSE OF ACTION**
**VIOLATION OF STATE CONSUMER PROTECTION, UNFAIR**
**COMPETITION, COMMERCIAL, AND COMMON LAWS**
**Asserted on Behalf of State Sub-Classes**

216.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

217.    Samsung's actions alleged above, and the resulting harm to Plaintiffs and Class Members arising therefrom, violate not only the NJCFA but also the common law duties of good faith and fair dealing, the common law of fraud by omission, and the commercial, consumer protection, and unfair competition laws of various states, including, *inter alia*, Cal. Code §§l668, 1709 and 1710, the Song-Beverly Act, Cal. Civil Code § 1790, et seq., Cal. Commercial Code § 2313, New York General Business Law § 349, et seq., the Illinois Consumer Fraud and Deceptive Practices Act (815 Ill. Comp. Stat. § 50 5/2), the Indiana Consumer Fraud and Deceptive Practices Act (Ind. Code § 24-5-0.5 et seq.), the Minnesota Prevention of Consumer Fraud Act (§325 F et seq.), Michigan's Comp. Laws (§445.903 et seq.), the Kentucky Consumer Fraud and Deceptive Business Practices Act (Ky. Rev. Stat. § 367.220 et seq.), Florida's Deceptive And Unfair Trade Practices Act (F.S.A., 501.201 et seq.), the Arizona Consumer Fraud Act (A.R.S. §§44-1521 et seq.), the Louisiana law of redhibition (La C.C. Arts. 2520, et seq.), Colorado's Consumer Protection Act (C.R.S. §§6-1-101 et seq.), Ohio's Consumer Sales Practices Act (Ohio Rev. Code § 1345.01 et seq.), Oklahoma's Consumer Protection Act (15 Okl. St. §751 et seq.), Pennsylvania's Unfair Trade Practices and Consumer Protection Law (73 Pa.C.S.A. §§201-1 et seq.), the Maryland Consumer Protection Act (Md. Code Ann. § 13-303 et seq.), Washington's Rev. Code §19.86 et seq., the North Carolina Unfair and Deceptive Trade Practices Act (§75-1.1), the Texas Deceptive Trade Practices - Consumer Protection Act, (Tex. Bus. & Com. Code §17.41 et seq.), and Wisconsin's Deceptive Trade Practices Act (Wis. Stat. Ann. §100.18 et seq.).

218.    By this Count Plaintiffs plead on behalf of the Class violations of all the foregoing statutory and common laws.

## ELEVENTH CAUSE OF ACTION
### PUNITIVE DAMAGES
### Asserted on Behalf of the Nationwide Class

219.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

220.    Samsung's conduct was wantonly reckless, malicious, systematic, repetitious, knowing, and intentional, and demonstrated a lack of care and reckless disregard for the rights and interests of Plaintiffs and the public.  Samsung's conduct thus warrants an assessment of punitive damages, consistent with the actual harm it has caused, the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct.

\*   \*   \*

WHEREFORE, Plaintiffs Suzann Moore, Michelle Soto Fielder and Melissa Thaxton individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A.    An Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    An Order appointing Plaintiffs Suzann Moore, Michelle Soto Fielder and Melissa Thaxton as representatives for the Class and appointing their counsel as lead counsel for the Class;

C.    An order awarding Plaintiffs Suzann Moore, Michelle Soto Fielder and Melissa Thaxton and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D.    A Declaration that the Washing Machines are defective and pose a serious safety risk to consumers and the public;

E.      An Order enjoining Samsung, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Washing Machines; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Washing Machines; and requiring Samsung to preserve all evidence relevant to this lawsuit and notify Washing Machine owners with whom it comes in contact of the pendency of this and related litigation;

F.      Restitution as authorized by law;

G.      Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

H.      An order awarding attorney's fees pursuant to applicable Federal and State law;

I.      Interest as provided by law, including but not limited to pre judgment and post-judgment interest as provided by rule or statute; and

J.      Any and all other and further relief as this Court deems just, equitable, or proper.


Dated: August 12, 2016                    Respectfully submitted,

                                          _____
                                          Jason L. Lichtman (NJ Bar Number 8092011)
                                          Lieff Cabraser Heimann & Bernstein, LLP
                                          250 Hudson Street, 8th fl.
                                          New York, NY 10013-1413
                                          Phone:  (212) 355-9500
                                          Email:  jlichtman@lchb.com

John T. Spragens (*pro hac* forthcoming)
Lieff Cabraser Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN  37219-2423
Phone:  (615) 313-9000
Email:  jspragens@lchb.com

Scott L. Starr (*pro hac* forthcoming)
Email:  starr@starrausten.com
Andrew B. Miller (*pro hac* forthcoming)
Email:  miller@starrausten.com
Starr Austen & Miller, LLP
201 S. Third Street
Logansport, IN 46947
Phone:  574-722-6676

*Attorneys for Plaintiff Class*

## **JURY DEMAND**

Plaintiffs, by counsel, hereby demand a trial by jury on all counts so triable.